UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT REHBERGER,

       Plaintiff,

    v.

HENRY COUNTY, GEORGIA, et al.,

       Defendants.

CIVIL ACTION NO.
1:22-mi-0030-JPB

## ORDER

This case comes before the Court on Robert Rehberger's ("Plaintiff")

Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1]

as well as a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).  This Court

finds as follows:

## BACKGROUND

On April 14, 2022, Plaintiff filed an Amended Petition or Direct Action

Moving for Relief from Judgment and Order Under F.R.C.P. 60 and Request for a

Declaratory Judgment on the Various Issues Raised ("Amended Petition").  [Doc.

1-1].  In the Amended Petition, Plaintiff appears to allege that various actions by

Georgia state courts[1] infringed his constitutional rights and urges this Court to

---

[1] In 1998, Plaintiff was convicted in the Superior Court of Henry County, Georgia, of
false imprisonment, sexual battery and simple battery and was subsequently disbarred

review prior state court rulings "for legal sufficiency."  Id. at 4, 5.  The Court

discusses the Amended Petition below and then addresses the issue of any future

filings or communications with this Court.

## DISCUSSION

For the purposes of this Order only, the Court assumes that Plaintiff may

proceed *in forma pauperis* and continues directly to a frivolity review of his

filings.  The Application to Proceed in District Court Without Prepaying Fees or

Costs is therefore **GRANTED** on this limited basis.

When a plaintiff files an action *in forma pauperis*, the Court must conduct a

frivolity determination of the complaint under 28 U.S.C. § 1915(e)(2).  Section

1915(e)(2) requires the Court to dismiss a case upon a finding that the action "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief."

This statutory provision

> is designed largely to discourage the filing of, and waste of judicial
> and private resources upon, baseless lawsuits that paying litigants
> generally do not initiate because of the costs of bringing suit and
> because of the threat of sanctions for bringing vexatious suits under
> Federal Rule of Civil Procedure 11.

from the practice of law.  See Rehberger v. Henry Cnty., 577 F. App'x 937, 937 (11th
Cir. 2014).  Along with many other previous cases filed by Plaintiff that are referenced
later in this Order, this matter appears to relate to the proceedings accompanying his
conviction and disbarment.

Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In turn, a claim is frivolous when the legal theories are "indisputably meritless" or the allegations of the complaint are "clearly baseless."  Id.  Significantly, "clearly baseless" claims include those "describing fantastic or delusional scenarios."  Id. at 327–28.

In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," the pleading must contain more than "labels and conclusions" or a "'formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se*, this Court must construe his pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  This liberal construction, however, does not allow the Court to act as "*de facto* counsel" or "to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.

1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).  Even when liberally construed, however, the Amended Petition fails to state anything more than a desire to revive long-settled disputes.

According to Plaintiff, the "corrupt" application of certain procedural rules by the Georgia state courts "illegally amended or voided his basic constitutional rights."  [Doc. 1-1, p. 4].  Plaintiff alleges that the Georgia state courts have divested themselves of jurisdiction in this matter, requiring intervention by the federal courts.  Id. at 5.  He claims that the underlying proceedings, presumably those related to his 1998 conviction and disbarment, were "void *ab initio*" and must be vacated.  Id. at 14.  Plaintiff further contends that multiple state and local offices failed to inform the Court of this "fraud," resulting in a miscarriage of justice that, if not corrected, will "cast a negative reflection upon the integrity, fundamental fairness and reputation of the legal system itself."  Id. at 11.  Plaintiff seeks relief under Rule 65 of the Federal Rules of Civil Procedure, as well as a declaratory judgment under Rule 57.  Id. at 1, 16–17.

While this Court has a duty to construe Plaintiff's pleadings liberally, *pro se* litigants are nonetheless required to conform to procedural rules, including the pleading requirements of the Federal Rules of Civil Procedure.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); see, e.g., Fed R. Civ. P. 8(a)(2)

(requiring a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"). In the Amended Petition, Plaintiff makes vague allegations of a miscarriage of justice by the Georgia court system, but he fails to state with any particularity the alleged wrongdoing. Plaintiff alleges generalized constitutional violations but does not specify which proceeding in which court over the past two decades he seeks to attack. Without more, these allegations fail to state a plausible claim to relief.

Plaintiff's remaining contentions do not pass muster. He claims that denying review of the allegedly void proceedings would threaten the entire legal system, but this claim is unsupported by any facts and is therefore frivolous. See Neitzke, 490 U.S. at 327. Plaintiff alleges that if this Court does not grant the requested relief, the judicial branch will stop functioning, citizens will become violent and polarized and the "republic simply will not work." [Doc 1-1, p. 12]. These hyperbolic claims are wholly devoid of merit.

Plaintiff further argues that the Court should grant the requested relief so that he can provide legal assistance to other individuals who have been similarly harmed by improper legal proceedings. Id. at 15. However, Plaintiff has not been licensed to practice law since his disbarment over twenty years ago; therefore,

these allegations are exactly the type of "fantastic or delusional" claims that do not

pass a frivolity review.  Neitzke, 490 U.S. at 327.

Because Plaintiff's Amended Petition provides only "'naked assertion[s]'

devoid of 'further factual enhancement'" and no more "than an unadorned, the-

defendant-unlawfully-harmed-me-accusation," Plaintiff fails to state a claim to

relief that is plausible on its face.  Iqbal, 556 U.S. at 678 (alteration in original)

(quoting Twombly, 550 U.S. at 557).  For the foregoing reasons and under §

1915(e)(2), the Amended Petition is **DISMISSED**.

## FUTURE FILINGS AND COMMUNICATIONS WITH THE COURT

For years, Plaintiff has attempted to relitigate the same issues he raised in

this matter.  This Court, the Eleventh Circuit Court of Appeals and Georgia state

courts have unanimously and repeatedly dismissed Plaintiff's claims as frivolous.

Because of these recurrent filings, this Court ordered in 2013 that should Plaintiff

wish to file additional pleadings or open new cases, he must first seek the Court's

permission by submitting a request to file documents.  See Rehberger v. Henry

Cnty., No. 1:13-CV-0095, 2013 WL 12096514, at *3 (N.D. Ga. Jan. 15, 2013),

aff'd, 577 F. App'x 937 (11th Cir. 2014).[2]  On May 23, 2018, the Court reiterated

---

[2] Plaintiff appealed the Eleventh Circuit's 2014 order to the United States Supreme Court.
The Supreme Court denied both his motion to proceed *in forma pauperis* and his petition
for a writ of mandamus.  In re Rehberger, 575 U.S. 911, 911 (2015).  Notably, the

this directive and imposed additional requirements for the content of any motion seeking leave to file.[3]  See In re Rehberger, No. 1:18-mi-0052, 2018 WL 11170099, at *2 (N.D. Ga. May 23, 2018).

In this case, Plaintiff failed to comply with this Court's previous instructions and did not submit any request to file.  Instead, he filed numerous documents, including the seventy-seven-page Amended Petition.  Nonetheless, the Court addressed these filings above.  In the event that Plaintiff anticipates filing any additional documents in this case or initiating any new actions in the future, the Court reiterates its prior instructions here.

Should Plaintiff wish to file additional pleadings in this case or to commence a future action in this Court, he must first seek the Court's permission by submitting a request to file documents.  Any such request shall be limited to eight pages.  This request procedure will allow the Court to evaluate the appropriateness of the pleadings and, if they are appropriate, to direct Plaintiff to the proper form in which to submit the pleadings.  See Rehberger, 2013 WL 12096514, at *3.

---

Supreme Court observed that Plaintiff "has repeatedly abused this Court's process" and consequently directed its own Clerk of Court not to accept future filings from Plaintiff unless he paid the filing fee and complied with the Supreme Court's rules.  Id.

[3] This Court restated these requirements in subsequent orders.  See In re Rehberger, No. 1:18-mi-0059, 2018 WL 11149787, at *1 (N.D. Ga. June 5, 2018); Rehberger v. Unnamed Defendants, No. 1:19-mi-00016, slip op. at 2 (N.D. Ga. Jan. 28, 2019).

In addition to these requirements, in any future request for leave to file,

Plaintiff must:

> (1)    certify that the claim or claims he wishes to present have never been dismissed as part of one of his previous lawsuits;
>
> (2)    certify that the claims he wishes to present are not frivolous;
>
> (3)    where Plaintiff names or alleges claims against a judge, political official, government official or government entity, state why that official or entity is not entitled to qualified or absolute immunity from suit and provide that statement in a separate brief for each defendant;
>
> (4)    include a copy of this Order;
>
> (5)    limit any motion requesting leave to file to eight pages; and
>
> (6)    include his complaint and application to proceed *in forma pauperis* with his motion for leave to file.

See In re Rehberger, 2018 WL 11170099, at *2.  Failure to comply with any of the

terms of this Order will be sufficient grounds for denying leave to file and/or leave

to proceed *in forma pauperis*.  If Plaintiff falsely certifies that his complaint

satisfies the terms of this Order, he may be found in contempt of court or subject to

sanctions.

Lastly, Plaintiff calls the number for this Court's chambers every day—

usually multiple times a day—requesting updates on his pending case and

contending that the Court is unduly delaying the resolution of an emergency

motion.  These calls obstruct and delay justice by distracting the Court's staff and

preventing the receipt of legitimate calls.  Following entry of this Order, Plaintiff

will not have any case or matter proceeding before this Court.  Accordingly,

Plaintiff is **ORDERED** to stop calling chambers (404-215-1410).  Failure to

comply with this Order may be punished by contempt of court.

## CONCLUSION

The Application to Proceed in District Court without Prepaying Fees or Costs

[Doc. 1] is **GRANTED** for the purposes of dismissal only.  The Amended Petition

[Doc. 1-1] is **DISMISSED** pursuant to § 1915(e)(2).  The Clerk is **DIRECTED** to

close this case.  The Clerk is **FURTHER DIRECTED** not to accept from Plaintiff

any future pleadings in this case or in future cases absent authorization from a judge

of this Court.

**SO ORDERED** this 2nd day of August, 2022.

**J. P. BOULEE**
United States District Judge